UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH GRANGER (#307828),           CIVIL ACTION NO. 1:17-CV-395-P
Plaintiff

VERSUS                              CHIEF JUDGE DRELL

MS. CARTER, ET AL.,                 MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Joseph Granger ("Granger") (#307828). Granger is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Granger complains that he was denied adequate medical care and was subjected to unconstitutional conditions of confinement when he was housed at Allen Correctional Center ("ACC"). Granger names as defendants Classification Officer Carter and Dr. Herst.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.  Background

Granger alleges that he arrived at ACC confined to a wheelchair due to a torn ACL, fractured tailbone, and two "blown discs" in his lower back. Despite his physical condition, Defendant Carter assigned Granger to a tier without a wheelchair accessible shower. (Doc. 1, pp. 4, 8). On July 14, 2015, as Granger attempted to take

a shower, he fell and injured his right arm, left knee, lower back, and tailbone. (Doc. 1, p. 4).

Granger alleges that, despite his numerous sick calls and medical emergencies, he was denied proper and effective treatment. (Doc. 1, pp. 4, 8). Granger alleges that Dr. Herst "repeatedly refused to prescribe effective medications to combat the severe pain" and "refused to carry out the orders of the specialists." (Doc. 1-1, p. 4).

Granger filed an administrative grievance, which was finally denied on December 8, 2015. Granger received a copy of the denial on January 6, 2016. (Doc. 1-2, p. 1).

## II. Law and Analysis

### A. Granger's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Granger is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Granger's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Granger's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. **Granger's complaint is untimely.**

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Section 1983 does not prescribe a statute of limitations. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the

3

injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Granger had knowledge of his conditions of confinement claim in June 2015, when he arrived at ACC and was assigned to a non-accessible tier. (Doc. 1, pp. 3-4). Granger had knowledge of his medical care claim on July 14, 2015, the date he fell in the shower, or shortly thereafter when he was denied medical care. Thus, Granger's claims accrued in June and July 2015.

A plaintiff is entitled to equitable tolling of his claims for the time spent properly exhausting those claims through the administrative remedy procedure. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002).

The response to Granger's administrative remedy indicates that he complained about his medical care, but not about his confinement on a non-accessible tier. (Doc. 1-2, p. 1). If Granger did not file a grievance regarding his conditions of confinement, he is not entitled to tolling of that claim. Thus, Granger had one year from June 2015 within which to file a § 1983 claim regarding his confinement on a non-accessible tier. If Granger did not exhaust his administrative remedies as to that claim, it prescribed in June 2016.

Even assuming Granger did file an administrative grievance regarding both the medical care and conditions of confinement claims, the grievance was finally denied on December 8, 2015. (Doc. 1-2, p. 1). Therefore, Granger had one year from that date within which to file a § 1983 suit. Granger notes that he did not receive the final denial until January 6, 2016. (Doc. 1-2, p. 1). Regardless, the § 1983 complaint was signed on March 8, 2017, and filed more than one year from the date Granger received the administrative denial. Granger's claims are prescribed.

III.   Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Granger's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 1st day of May, 2017.

                                            Joseph H.L. Perez-Montes
                                            United States Magistrate Judge